UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDUARDO GONZALEZ,

                Plaintiff,                         **REPORT & RECOMMENDATION**
                                                          **10 CV 2896 (JBW)(LB)**

          - against -

JASON WALKER, COWAN BENNETT, and
J.C. PENNEY COMPANY, INC.,

                Defendants.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      The instant *pro se* action was referred to me for all pretrial purposes. Plaintiff filed this action while he was incarcerated at Rikers Island. Plaintiff has now been released from Rikers Island and has failed to provide the Court with his current address. Copies of the Court's Orders sent to the plaintiff have been returned to the Court. The Court has no address for plaintiff other than Rikers Island. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed without prejudice.

## BACKGROUND

      On June 21, 2010, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §§ 1981 and 1983 against J.C. Penney Company, Inc. ("J.C. Penney") and two of its security guards, Jason Walker and Cowan Bennett. Docket entry 1. Plaintiff, who is Latino, alleges that the guards assaulted him in the course of arresting him at the Queens Center Mall on May 10, 2010 and that he sustained lower back and head injuries. Plaintiff further alleges that J.C. Penney has a policy of targeting Latinos as shoplifters. Id.

      On October 28, 2011, the Court's Order dated October 20, 2010 and mailed to plaintiff at Rikers Island was returned as undeliverable. Docket entry 17. On November 3, 2010, the Court's Order dated October 26, 2010 and mailed to plaintiff at Rikers Island was also returned as undeliverable. Docket entry 18. When the Court scheduled the initial pretrial conference by telephone for November 10, 2010, defendants' counsel informed the Court that plaintiff was no

longer incarcerated at Rikers Island. A search on the Department of Corrections website revealed that plaintiff was released from custody on October 21, 2010.[1]

On November 12, 2010, I ordered plaintiff to inform the Court of his current address by December 13, 2010 or I would recommend that his case should be dismissed without prejudice as abandoned. Plaintiff has not contacted the Court.

## DISCUSSION

When a party changes addresses, it is his or her obligation to notify the Court of the new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies not only to represented parties but also to *pro se* litigants. See Id., at *1; see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff has not taken any steps to pursue this action since he filed his complaint on June 21, 2010. The Court has no address for plaintiff and no way to contact him. It would be futile to enter any further order as plaintiff has apparently abandoned the action. Defendants have requested that the action be dismissed without prejudice. Docket entry 20. I therefore recommend that plaintiff's action should be dismissed without prejudice as abandoned.

---

[1] New York City Department of Correction: Inmate Look-up Service, http://a072-web.nyc.gov/inmatelookup/ (last visited Nov. 8, 2010).

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

S/ Judge Lois Bloom

_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 6, 2011
      Brooklyn, New York